UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV142-R

PROSOFT AUTOMATION, INC.                                                                    PLAINTIFF

v.

LOGAN ALUMINUM, INC., ET AL.                                                           DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on motion for judgment notwithstanding the verdict filed by Defendants Logan Aluminum, Arcan Aluminum Corp., and Arco Aluminum, Inc. ("Logan") (Dkt. # 167)  Plaintiff Prosoft Automation, Inc. ("Prosoft") responded (Dkt. # 172), Defendants replied (Dkt. # 179), and this matter is now ripe for adjudication.  For the reasons set forth below, Defendants' motion will be **DENIED**.

## BACKGROUND

This motion arises out of a jury verdict rendered on November 7, 2005 in a trial on the merits of this breach of contract case.  Logan contracted with Prosoft for an upgrade of automation hardware and software at three aluminum mills operated by Logan.  The three mills are called the Hot Mill, Cold Mill 1, and Cold Mill 2.  Each mill's automation upgrade project had a separate contract.  The jury was instructed that each party claimed that the other had breached each of the contracts, and that they were to decide if there was a breach by either party or both parties.  They were also instructed that, if they found a breach by either or both sides, they were to determine the damages suffered by the other party - whether that party was also in breach or not.

As to the Hot Mill contract, the jury found that Logan only breached the contract, and awarded Prosoft damages in the amount of $1,026,203.00.  This award reflected $456,300.00 for

1

additional engineering fees Prosoft was required to incur as a result of Logan's breach of the contract, and $569,903.00, which was the balance of the contract price that had not been paid to Prosoft. As to the Cold Mill 1 contract, the jury found that Logan only breached the contract, and awarded Prosoft a total of $1,143,785.00, which reflected additional engineering fees of $847,575.00 and the contract balance of $296,210.00. As to the Cold Mill 2 contract, the jury found that both Prosoft and Logan were in breach of their obligations under the contract, and awarded Prosoft the contract balance, which was $532,807.00. The jury awarded Logan the same amount, which according to the instructions was to be Logan's reasonable cost incurred in completing the contract, less the value received from Prosoft's performance.

Logan moved, both at the close of Prosoft's evidence and at the close of all evidence, for judgment as a matter of law. The Court denied both motions, and Logan now renews the motion. Logan's motion asks the Court to enter a judgment setting aside the jury's verdict and awarding judgment to Logan in the amount of $1,469,520.00 on the Cold Mill 1 contract and $1,310,760.00 on the Cold Mill 2 contract. Logan does not seek to set aside the verdict as to the Hot Mill contract.

## DISCUSSION

As for the standard by which the Court must evaluate Logan's motion, Prosoft correctly notes that "...in a diversity case, when a Rule 50 motion for judgment as a matter of law is based on the sufficiency of the evidence, this court applies the standard of review of the state whose substantive law governs the matter." *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 471 (6th Cir. 2004) (citing *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998)). In this case, Kentucky law governs the substantive issues; therefore, Kentucky's standard of review for sufficiency of evidence to sustain a jury verdict applies. Under that standard, courts

reviewing such a motion "must consider the evidence in its strongest light in favor of the party against whom the motion was made and must give him the advantage of every fair and reasonable intendment that the evidence can justify." *Sutton v. Combs*, 419 S.W.2d 775, 777 (Ky. 1967). The court is also "precluded from entering either a directed verdict or judgment n.o.v. unless there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ." *Taylor v. Kennedy*, 700 S.W.2d 415, 416 (Ky. Ct. App. 1985) (citing *Sutton*, *id.*).

In light of the deferential standard by which Kentucky law evaluates the evidence, the Court finds that the jury's verdict was supported by sufficient evidence. The jury heard evidence regarding issues with, among other things, (1) Logan's provision of down time at the mill for testing and hardware installation; (2) Logan's changes to various parts of the hardware portion of the projects; and (3) Logan's decision to contract out portions of the project which it had originally planned to do in-house. That Prosoft may have been compensated for some of these actions does not undermine the jury's finding that Logan breached the contracts. The effect that each of these actions had on the contract was an issue of fact for the jury, requiring it to weigh the credibility of the various witnesses and other evidence to determine whether each party's actions comported with the contractual obligations. The evidence was neither entirely lacking nor only susceptible to one reasonable interpretation.

## CONCLUSION

For the reasons discussed above, Logan's motion for judgment notwithstanding the verdict will be **DENIED**. An appropriate order shall issue.