UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV142-R

PROSOFT AUTOMATION, INC.                                                                      PLAINTIFF

v.

LOGAN ALUMINUM, INC., ET AL.                                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on motion for award of prejudgment interest filed by Plaintiff Prosoft Automation, Inc. ("Prosoft") (Dkt. # 168). Defendants Logan Aluminum, Arcan Aluminum Corp., and Arco Aluminum, Inc. ("Logan") responded (Dkt. # 171), Plaintiff replied (Dkt. # 178), and this matter is now ripe for adjudication.

### BACKGROUND

This motion arises out of a jury verdict rendered on November 7, 2005 in a trial on the merits of this breach of contract case. As to the Hot Mill contract, the jury found that Logan only breached the contract, and awarded Prosoft damages in the amount of $1,026,203.00. This award reflected $456,300.00 for additional engineering fees Prosoft was required to incur as a result of Logan's breach of the contract, and $569,903.00, which was the balance of the contract price that had not been paid to Prosoft. As to the Cold Mill 1 contract, the jury found that Logan only breached the contract, and awarded Prosoft a total of $1,143,785.00, which reflected additional engineering fees of $847,575.00 and the contract balance of $296,210.00. As to the Cold Mill 2 contract, the jury found that both Prosoft and Logan were in breach of their obligations under the contract, and awarded Prosoft the contract balance, which was $532,807.00. The jury awarded Logan the same amount, which according to the instructions

1

was to be Logan's reasonable cost incurred in completing the contract, less the value received from Prosoft's performance.

Prosoft now asks the Court to enter an order awarding it prejudgment interest on the damages it was awarded by the jury's verdict. Logan disputes the propriety of awarding such interest, as well as the rate of such interest and the compound factor, if any, applied thereto.

## DISCUSSION

The first issue to be addressed is whether the interest award is compulsory or in the Court's discretion. Logan argues that the Court must decide, as an equitable matter, whether or not an award of such interest is appropriate; Prosoft argues that Kentucky law requires an award of prejudgment interest as part of its damages award. Both parties rely upon *Nucor Corp. v. General Elec. Co.*, in which the Kentucky Supreme Court faced two issues: "(1) when is interest due on an unliquidated amount, and, more specifically, when is it due as damages; and (2) where the question of interest as damages is in dispute, the who resolves the issue, judge or jury?" 812 S.W.2d 136, 141-42 (Ky. 1991). In that case, the Kentucky Supreme Court relied upon the Restatement (Second) of Contracts § 354 (1981), which provides:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
>
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

2

The Kentucky Supreme Court concludes: "Thus, where the subject matter of the breach of contract claim falls under subsection (1) above, interest is due as a matter of course, and where ... it falls under subsection (2) above, interest 'may be allowed as justice requires.'" 812 S.W.2d at 144.

In the case at bar, Prosoft was awarded two different types of damages: the contract balance as to the Hot Mill, Cold Mill 1 and Cold Mill 2 contracts, and the additional engineering fees incurred by Prosoft ($847,575.00) in working on the Cold Mill 1 contract. The contract balances are well within the category of damages contemplated in subsection (1) of the Restatement. As the *Nucor* court noted "[c]ommon examples [of liquidated damages] are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." 812 S.W.2d at 141. "Unless otherwise agreed, interest is always recoverable for the non-payment of money once payment has become due and there has been a breach. This rule applies to debts due for money lent, goods sold or services performed... ." *Restatement (Second) of Contracts* § 354, cmt. c. *See also Lang v. Bach*, 134 S.W. 188, 191 (Ky. 1911) (In a case seeking recovery for the price of timber, there was no error in awarding prejudgment interest because "...the law is now well settled that a liquidated claim, whether oral or written, carries with it, as a matter of law, interest from the time it was due, in the absence of any agreement to the contrary.") (citing *Henderson Cotton Mfg. Co. v. Lowell Machine Shops*, 7 S.W. 142 (Ky. 1888)). Although Logan correctly notes that there is some case law which suggests that even for liquidated damages the Court has discretion, this is a minority view and appears to be relied upon in situations in which the issue of whether damages are liquidated or unliquidated is a difficult one. *Nucor*, 812 S.W.2d at 144. Therefore, the Court will award Prosoft interest on the contract damages

awarded by the jury. Even if this were a discretionary determination, the Court would award prejudgment interest on the contract damages awards.

The additonal engineering fees, however, fall under the second category of damages contemplated in the Restatement. Prosoft argues that the additional engineering hours "were ascertainable based upon Prosoft's business records which were admitted into evidence without objection." (Dkt. # 167 at 3). However, Logan correctly points out that, at trial, the evidence indicated that (1) Prosoft did not separate the hours for Cold Mill 1 and Cold Mill 2, and (2) some of the hours indicated on the sheets represented "expected hours worked" rather than actual hours worked. Therefore, although the jury ultimately awarded Prosoft the full amount requested as compensation for those hours, they were not reduced to a certainty in amount *prior to trial*. There was a legitimate dispute as to the necessity and amount of those hours. Therefore, they are "unliquidated" damages and prejudgment interest on them is within the discretion of the Court, consistent with the Kentucky Supreme Court's decison in *Nucor*. 812 S.W.2d 136. The Court will not award interest on the damages awarded by the jury for additional engineering hours.

The Court must now determine what interest rate to apply to the prejudgment interest on Prosoft's damages. Kentucky law is clear that the Court has discretion to fix a rate up to the statutorily-prescribed "legal rate," which KRS 360.010 sets at 8%. *Brown v. Fulton, Hubbard & Hubbard*, 817 S.W.2d 899 (Ky. Ct. App. 1991); *Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001). Logan argues that the equities weigh against granting Prosoft the full 8% because that rate is significantly above the Prime Rate for the time period at issue (April 2003-November 2005), which ranged between 9.5% and 4%. Prosoft responds that, because the contracts at issue

did not set a different rate of interest, the statutory rate should be the default. For this proposition, Prosoft cites *Reliable Mechanical, Inc. v. Naylor Indus. Services, Inc.*, in which the Kentucky Court of Appeals, in deciding whether compounding was appropriate on prejudgment interest, said that "[a]bsent a contractually agreed upon rate, the appropriate rate of interest is governed by statute." 125 S.W.3d 856, 857 (Ky. Ct. App. 2003). In light of the other case law discussed above, the Court believes that "governed by statute" refers to the fact that the statute sets the maximum rate, not that the statutory rate is the prescribed rate.

The Court believes that the equities in this case dictate that Prosoft should receive a rate that falls closer to the average prime rate for the period. Based upon the information provided by Logan, the Court has determined that the average Prime Rate for the period was approximately 4.6%. Therefore, the Court will award Prosoft prejudgment interest on the contract damages portion of the jury award at that rate.

Finally, Prosoft seeks to have the interest compounded, which it argues is authorized by the *Reliable Mechanical* decision. In that case, the court held that "[w]hile pre-judgment interest has traditionally been simple interest, case law does not indicate that it is required to be so." 125 S.W.3d 856. For that proposition, the *Reliable Mechanical* court cited *Nucor*, which, as discussed above, dealt with prejudgment interest paid on unliquidated damages. As to the issue of compounding interest paid on liquidated damages, the Court notes that § 354 of the Restatement, upon which the *Nucor* court relied, states that prejudgment interest "...is payable without compounding at the rate, commonly called the 'legal rate,' fixed by statute for this purpose." *Restatement (Second) of Contracts*, § 354, cmt. a. Although the Court has exercised its discretion to vary from the statutory rate, the Court does not believe that the equities merit

compounding the interest in this case.

Although Logan did not so request, the Court believes that the equities require that Logan be granted prejudgment interest on the contract damages awarded to it by the jury as well. Therefore, the Court will order the judgment to be amended to reflect interest on damages awarded to Logan under the Cold Mill 2 contract.

## CONCLUSION

For the reasons discussed above, Prosoft's motion for prejudgment interest will be **GRANTED**.  An appropriate order shall issue.